# Mooney, Appellant, v. Supreme Council of the Royal Arcanum.

*Beneficial societies—Death benefit certificate—Nonpayment of dues—Forfeiture—Limitation of actions by contract—Payment of benefits on presumption of death.*

1. Under the rules of a beneficial society providing that each member shall pay to the collector, without notice, twelve regular assessments in each calendar year and that any member failing to pay any regular assessment at the time prescribed therein shall stand suspended from the order and all benefits therefrom, a member who has defaulted in the payment of assessments loses his rights as a member of the society, and the beneficiaries of the death benefit certificate cannot thereafter recover the death benefits provided for therein.

2. A provision in the rules of a beneficial society that no action at law or in equity shall be brought or maintained for any costs or claims arising out of any membership or benefit fund, unless such action is brought within three years from the time when such right of action accrues, is binding and the beneficiaries of a death benefit certificate are not entitled to recover the amount of the certificate in a proceeding commenced more than four years after the death of the holder thereof.

3. In a suit in equity for the reinstatement and revival of a death benefit certificate in a beneficial society, it appeared that the rules of the society provided that monthly payments should be

made upon certain dates by the holder, and that no action at law or in equity should be brought for claims arising out of any membership or benefit fund, unless brought within three years from the time that such right of action should accrue. It further appeared that plaintiffs' father had been a holder of a certificate but had left his home more than seventeen years before the filing of the bill and that he had ceased to pay dues immediately after his departure; that thereafter his dues had been paid by his wife, who after seven years had taken out letters of administration upon his estate; that the fund was paid to her as beneficiary, upon filing a bond for the return thereof in case it should be found that plaintiffs' father was alive and that thereafter no assessments were paid on the certificate; that after the death of the wife, plaintiffs' father had been found alive and that judgment had been entered on the bond given by the wife; that plaintiffs' father had died more than four years before the filing of the bill, and that if the certificate could be revived, plaintiffs would be the beneficiaries under the rules of the society. The lower court decided that the membership of plaintiffs' father had been forfeited by nonpayment of dues after his supposed death and that plaintiffs right to bring the suit was barred by the limitation of three years contained in the by-laws, and dismissed the bill. *Held*, no error.

Argued Oct. 28, 1913. Appeals, Nos. 185 and 184, Oct. T., 1913, by plaintiffs, from decrees of C. P. Allegheny Co., June T., 1911, Nos. 4 and 3, dismissing bills in equity for the reinstatement of a benefit certificate in cases of James Mooney, Mazie Mooney, Margaret Mooney, Ella Mooney, and Anna Mooney v. Supreme Council of the Royal Arcanum, a corporation of the State of Massachusetts and James Mooney, Mazie Mooney, Margaret Mooney, Ella Mooney, Anna Mooney, and Anna Mooney, Executrix of the last will and testament of Ellen Mooney, deceased, v. James J. Munn, Grand Master Workman and James R. Kibler, Grand Recorder, respresenting themselves and all other members of the Grand Lodge of the Jurisdiction of Pennsylvania, Ancient Order United Workman, a beneficial society, organized and doing business in the State of Pennsylvania. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Bill in equity for the reinstatement and revival of a death benefit certificate.

On final hearing SHAFER, ⌁., filed the following findings of fact and conclusions of law:

### FINDINGS OF FACT.

1. The Supreme Council of the Royal Arcanum, the defendant, is a beneficial society having subordinate lodges, and John Mooney was a member thereof, holding a benefit certificate for three thousand dollars, a copy of which is printed as Exhibit "A" of the bill.

2. The benefit certificate states that it is issued upon condition that the member complies in the future with the laws and rules now governing the council or that may hereafter be enacted, and that the defendant agrees to pay out of its benefit fund to Ellen Mooney, wife of John Mooney, a sum not exceeding $3,000.00 in accordance with the laws governing the fund, provided the member is in good standing in the order at the time of his death, the certificate being dated March 18, 1885.

3. In November, 1894, John Mooney left his home in Pittsburgh and was absent and unheard of for more than seven years thereafter, during all of which time his monthly dues in the defendant order were paid by his wife, the beneficiary. In March, 1902, upon proceedings begun by Ellen Mooney, letters of administration were ordered by the Orphans' Court of Allegheny County to be issued on the estate of John Mooney; and no payments of monthly dues were made thereafter.

4. Demand was thereupon made by Ellen Mooney of the defendant corporation for the amount of the benefit certificate upon the evidence of the death of John Mooney afforded by his absence and the corporation paid to her Three Thousand Dollars, the amount of the certificate, taking from her a bond in the sum of Thirty-five Hundred Dollars, conditioned for the repayment of the $3,000.00 together with interest and expenses in case it should appear that John Mooney was not in fact dead

at the time of the payment, this bond being given and payment made in April, 1903.

5. Ellen Mooney died in September, 1905, and letters testamentary were issued to Anna Mooney, her daughter, who as her administratrix is one of the plaintiff's herein.

6. In February or March, 1906, it became known that John Mooney was still living, a communication having been received from him from New Orleans, to which place his son, James Mooney, one of the plaintiffs, went to see him, but he did not return to Pittsburgh with his son. Some time thereafter it was learned that he was in poor mental and physical condition and one or more of his daughters, plaintiffs herein, went there and re- mained with him for a time, and he returned to Pitts- burgh sometime in May, 1906, where he remained until his death which occurred on July 27, 1906.

7. On June 13, 1906, being some six weeks before the death of John Mooney, the defendant brought a suit against the executrix of Ellen Mooney deceased, on the bond for $3,500.00 alleging a breach of the condition to repay the $3,000.00 and expenses in case John Mooney should prove to have been alive, which was so far pro- ceeded in that judgment was entered against the estate of Ellen Mooney for the amount of the bond, the penalty being less than the amount agreed to be returned.

8. The rules of the order provide that if the benefi- ciary shall die before the member and the member shall fail to designate any other beneficiary, the children of the member shall become beneficiaries, and the plaintiffs being all the children of John Mooney, are entitled to re- ceive any benefits which the order may now owe on the death of John Mooney.

9. The rules of the order further provide that each member of the order shall pay to the collector of his council without notice, twelve regular assessments in each calendar year, one of which shall be due and pay- able before ten o'clock p. m. of the last day of each month; and further, that any member failing to pay any

regular assessment before the time prescribed for such payment shall stand suspended from the order and all benefits therefrom. After March, 1902, up to the time of the death of John Mooney, no payments of any kind were made by anyone on account of his benefit certificate, the amount of the payments due being $3.78 a month until he should arrive at the age of fifty-five years, and thereafter $7.65 a month, and his age at the time of his death being between sixty and sixty-one years. No application for the removal of the suspension for non-payment of dues was made by or on behalf of John Mooney.

10. The rules of the order also provide that "no action at law or in equity shall be brought or maintained on any causes or claims arising out of any membership or benefit fund, unless such action is brought within three years from the time when such right of action accrues."

### CONCLUSIONS OF LAW.

1. The contention of the plaintiffs is, as we understand it, that John Mooney was not suspended from membership in the order for nonpayment of dues from March, 1902, to the time of his death in 1906, because Ellen Mooney, the beneficiary as matters then stood, claimed that he was dead and gave in evidence of it the fact that he had been absent and unheard of for seven years, and thereby procured the society to pay her the amount of the benefit certificate and to accept a surrender of the certificate from her, when the fact was that Mooney was not dead and she had no right to surrender the certificate or receive the money. In other words, that because Ellen Mooney surrendered the benefit certificate belonging to him, John Mooney was no longer bound to pay his dues but would remain a member indefinitely without payment of dues. We cannot agree to this contention. While it may be that Ellen Mooney and the society believed John Mooney to be dead, or at

least acted upon the presumption of his death, yet John Mooney whose conduct had led to the existence of such a presumption was under no such mistake, and was as much bound to pay his dues as any other member of the order.

2. This bill was filed March 6, 1911, more than four years after the death of John Mooney. It being a part of the contract with the member that no suit should be maintained against the order on any cause or claims arising out of any membership or benefit fund, unless brought within three years, the present proceeding cannot be maintained. The plaintiffs cite a number of cases in which a bill was brought by the insured or the beneficiary for the purpose of reforming the policy, and contend that as part of the relief sought is to have the surrender by Ellen Mooney of the benefit certificate declared void the present case is within the principle of the cases cited. The cases are not analogous, however. During a contest as to what the terms of a contract are, action upon it must be suspended, but there was no reason for suspending action in this case for want of a copy of the certificate, any more than if it had been casually lost, as the contention of the plaintiffs was and still is that it was always in force and there was no dispute about its terms.

3. Being of opinion, therefore, that John Mooney ceased to be a member by reason of nonpayment of dues, and further that the claim is barred by the limitation of three years contained in the by-laws, it is ordered that the bill be dismissed, with costs to be paid by the plaintiffs.

Exceptions to the findings of fact and law of the trial judge were dismissed by the court. Plaintiffs appealed.

*Error assigned* was in dismissing the exceptions.

*Ward Bonsall,* with him *Charles A. Poth,* for appellants.

J. A. *Langfitt,* with him *H. W. McIntosh,* for Supreme
Council of the Royal Arcanum, appellee.

*R. A. Balph,* for Munn, et al., appellees.

PER CURIAM, January 5, 1914:
These cases involve the same questions and were ar-
gued together. The decree in each is affirmed on the
findings of fact and conclusions of law by Judge SHAFER.